**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RAFAEL R.-G.**[1], **Plaintiff,** v. **FRANK J. BISIGNANO,** ***Commissioner of Social Security*****,** **Defendant.** | **NO. 8:25-cv-01346-KS** **MEMORANDUM OPINION AND ORDER** |

On June 23, 2025, Plaintiff filed a Complaint seeking review of the Social Security Administration's denial of his application for a period of disability and disability insurance benefits. (Dkt. No. 1.) Plaintiff filed a Brief in support of his Complaint on October 20, 2025. (Dkt. No. 11.) Defendant filed an Opposition on December 18, 2025. (Dkt. No. 15.) Plaintiff filed a Reply on December 30, 2025. (Dkt. No. 16.)

The Court has taken the matter under submission without oral argument. Having thoroughly considered the pleadings and the administrative record submitted to the Court, the Court reverses the Commissioner's decision and remands this matter for further proceedings.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On January 25, 2023, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning February 20, 2021. (*See* Administrative Record ("AR"), Dkt. No. 8 at 205-11.) Plaintiff's application was denied initially on February 15, 2023 (AR 69-75), and upon reconsideration on February 8, 2024 (AR 96-98). Plaintiff thereafter requested a hearing before an Administrative Law Judge. (AR 106.)

Administrative Law Judge Michael Radensky ("the ALJ") conducted an in-person hearing on August 22, 2024. (AR 35-68.) Plaintiff, who was represented by counsel, and an impartial vocational expert ("VE") both appeared and testified. (AR 35-68.) The ALJ published an unfavorable decision on September 5, 2024. (AR 18-34.)

Plaintiff requested an appeal of the ALJ's decision on October 17, 2024. (AR 176-81.) The Appeals Council denied Plaintiff's request for review on May 20, 2025. (AR 1-6.) Plaintiff filed the instant Complaint in this Court on June 23, 2025. (Dkt. No. 1.)

## SUMMARY OF ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process for determining whether an individual is disabled pursuant to 20 CFR § 416.920(a). (AR 21-30.) At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 20, 2021, the alleged disability onset date. (AR 23.) At step two, the ALJ established that Plaintiff had the following severe impairments: ankylosing spondylitis ("AS") with osseous fusion at C3-4 and C5-6, diabetes mellitus, and high blood pressure. (AR 23.) At step three, the ALJ determined that none of these impairments (nor combination of impairments) meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (AR 24.)

Next, the ALJ assessed that Plaintiff has the Residual Functional Capacity ("RFC")[2] to do light work[3] with the following additional limitations: "occasional postural activities except no climbing ladders, scaffolds or ropes; occasional overhead reaching bilaterally; avoid concentrated exposure to extremes of temperatures and to pulmonary irritants; no work at unprotected heights or with dangerous moving machinery." (AR 24.) At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 28.)

At step five, the ALJ resolved that there are still jobs in the national economy available to Plaintiff given his age, education, work experience, and RFC. (AR 29.) Accordingly, the ALJ concluded that Plaintiff has not been under a disability since February 20, 2021. (AR 30.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (citations omitted).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Even when the evidence is susceptible to more than one rational interpretation, we

---

[2] The RFC is the most a claimant can do despite any physical or mental limitations. 20 CFR § 404.1545(a)(1).

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 CFR 404.1567(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* "To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." *Id.*

must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Although this Court cannot substitute its discretion for the ALJ's, the Court must nevertheless review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [ALJ's] conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal citation and quotation omitted); *Desrosiers v. Sec'y of Health and Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988).

The Court may review only the reasons stated by the ALJ in their decision "and may not affirm the ALJ on a ground upon which [the ALJ] did not rely." *Orn*, 495 F.3d at 630. Additionally, the Court will not reverse the decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (citations and quotations omitted).

## DISCUSSION

Plaintiff asserts that the ALJ erred by not accounting for limitations related to Plaintiff's spinal fusion in the RFC assessment and by not providing clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. (Dkt. No. 11 at 4, 14.) The Court will address each argument in turn.

### I. <u>RFC Determination and Substantial Evidence</u>

#### A. Legal Standard

The Residual Functional Capacity, or RFC, is what a claimant is still capable of doing "despite . . . physical, mental, nonexertional, and other limitations." *Cooper v. Sullivan*, 880

F.2d 1152, 1155 n.5 (9th Cir. 1989) (citing 20 CFR. § 404.1545). To determine a claimant's RFC, the ALJ must resolve conflicts in the medical testimony and translate the plaintiff's impairments into concrete functional limitations. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174-75 (9th Cir. 2008). However, an ALJ may not rely on lay knowledge to render a medical opinion or independently assess clinical findings. *Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999); *Miller v. Astrue*, 695 F. Supp. 2d 1042, 1048 (C.D. Cal. 2010); *Padilla v. Astrue*, 541 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008).

**B. The ALJ's Decision**

The ALJ assessed that Plaintiff has the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), with the following additional limitations: occasional postural activities except no climbing ladders, scaffolds, or ropes; occasional overhead reaching bilaterally; avoid concentrated exposure to extremes of temperature and to pulmonary irritants; no work at unprotected heights or with dangerous moving machinery.

(AR 24.)

**C. Analysis**

Plaintiff asserts that "[t]here is no question before this court as to whether a neck limitation exists because the cervical spine is fixed and the ALJ agreed with this objective finding in [the] decision." (Dkt. No. 11 at 5.) While Plaintiff is correct that the record

demonstrates Plaintiff's chronic neck pain and decreased range of motion, Plaintiff fails to point to any opinion or record evidence regarding additional limitations related to Plaintiff's neck beyond the limitations already included in the RFC. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 n.2 (9th Cir. 2009) (rejecting challenge to RFC determination where the claimant did not detail what other physical limitations follow from the evidence of his knee and shoulder injuries besides the limitations already listed in the RFC).

Plaintiff further asserts that the ALJ did not adequately account for Plaintiff's standing limitations in the RFC. (Dkt. No. 11 at 8.) The ALJ did consider the January 2023 opinion of rheumatologist Andrew Hung Nguyen, D.O. that Plaintiff needed a one-minute stretch break after 20 minutes of sitting or standing. (AR 28.) However, the ALJ found the opinion was unpersuasive because "Dr. Nguyen did not explain why such an extreme limitation was necessary as of January 2023" when Dr. Nguyen had not included any such limitation in his April 2022 or August 2022 assessments and the documented objective findings had not changed significantly over that period. (AR 28.) The ALJ thus provided an explanation supported by substantial evidence for discounting Dr. Nguyen's opined standing limitation.

Finally, Plaintiff argues that "[t]he ALJ also failed to explain why he left out the limitation assessed by Dr. Nguyen on the January 25, 2023 report that [Plaintiff] had a work limitation of 'no repetitive twisting of torso.'" (Dkt. No. 11 at 8.) The ALJ remarked that "Dr. Nguyen specified that since January 1, 2023, the claimant is limited to lifting and carrying a maximum of 20 pounds and precluded from repetitive bending at the spine and twisting of the torso." (AR 27.) The ALJ determined that "[t]he above-noted limitations on lifting, carrying, repetitive bending, and twisting that Dr. Nguyen specified in January 2023 are persuasive because the evidence as a whole . . . supports them." (AR 27.) The ALJ then assessed that Plaintiff could perform light work with the following nonexertional limitations: "occasional postural activities except no climbing ladders, scaffolds, or ropes; occasional overhead reaching bilaterally; avoid concentrated exposure to extremes of temperature and to pulmonary irritants;

no work at unprotected heights or with dangerous moving machinery." (AR 24.)

Although the ALJ found the opinion of Dr. Nguyen regarding a twisting limitation to be persuasive, it is unclear to the Court how any such limitation was incorporated into the RFC. *See Green v. Saul*, No. 1:19-cv-00058-BAM, 2020 U.S. Dist. LEXIS 44160, at *18 (E.D. Cal. Mar. 13, 2020), *report and recommendation adopted*, 2020 U.S. Dist. LEXIS 113269 (E.D. Cal. June 29, 2020) (internal citations omitted) ("In his opinion, the ALJ stated that he incorporated Dr. Bryan's March 21, 2017 opinion that Plaintiff should avoid bending and twisting of her low back into the RFC finding. However, the ALJ's RFC finding did not include any limitations on bending and twisting. This was error."). Because the ALJ expressly accepted Dr. Nguyen's opined twisting limitation, "the ALJ was under an obligation to account for the [limitation] identified irrespective of the broader reasoning in support of the RFC." *Harrell v. Kijakazi*, No. 1:20-cv-00614-GSA, 2021 U.S. Dist. LEXIS 184794, at *11 (E.D. Cal. Sep. 24, 2021).

Defendant contends that the ALJ accounted for the opined twisting limitation in the RFC by limiting Plaintiff to "occasional postural activities." (Dkt. No. 15 at 7 (citing *Nuno v. Astrue*, No. ED CV 10-00188-VBK, 2010 U.S. Dist. LEXIS 117344, at *5 (C.D. Cal. Nov. 3, 2010) ("The absence of the word 'twisting' in the discussion of postural limitations incorporated in the ALJ's RFC is of de minimis significance in view of its overall import.").) That may be so, but without further explanation, the Court is unable to reasonably discern the ALJ's path in determining that the limitation on postural activities adequately captures Dr. Nguyen's opined twisting limitation. *See Brown-Hunter*, 806 F.3d at 492 (citations and quotations omitted) (finding harmless error only where the "the agency's path may reasonably be discerned").

While the ALJ is not required "to explicitly transcribe the limitation in the RFC[,] . . . he is required to account for it in his 'translation.'" *Wascovich v. Saul*, No. 2:18-cv-659-EFB, 2019 U.S. Dist. LEXIS 161035, at *11 (E.D. Cal. Sep. 19, 2019) (citing *Rounds*, 807 F.3d at

1006). "The question therefore is whether the RFC, or the ALJ's alternative hypotheticals to the VE, accurately captured all limitations supported by the record, including the limitations identified in [Dr. Nguyen's] opinion." *Harrell*, 2021 U.S. Dist. LEXIS 184794, at *12.

Here, the ALJ presented the VE with a hypothetical based on a claimant with an RFC to perform light work with limitations to occasional postural activities except no climbing ladders, scaffolds, or ropes; occasional overhead reaching bilaterally; avoid concentrated exposure to extremes of temperature and to pulmonary irritants; no work at unprotected heights or with dangerous moving machinery. (AR 63-64.) The VE then testified that such an individual could perform the following occupations: Marker (DOT 209.587-034), Routing clerk (DOT 222.687-022), and Sub-assembler (DOT 729.684-054).[4] (AR 63-64.) At step five, the ALJ relied on this VE testimony to conclude there are jobs that exist in significant numbers in the national economy that the claimant can perform. (AR 29-30.) While it is possible the occupations of Marker, Routing clerk, and Sub-assembler do not require twisting, "there is neither evidence in the record nor argument from the Commissioner on which [the Court] could base that conclusion." *Johnson v. Colvin*, No. 3:12-CV-01149-KI, 2013 U.S. Dist. LEXIS 85061, at *10-11 (D. Or. June 18, 2013).

Therefore, the Court finds that the ALJ erred by not clearly accounting for the twisting limitation opined by Dr. Nguyen in the RFC. *Gary C. v. Dudek*, No. 5:23-cv-01487-SP, 2025 U.S. Dist. LEXIS 56671, at *17 (C.D. Cal. Mar. 25, 2025) ("By reaching an incomplete RFC determination, posing an incomplete hypothetical to the VE, and then relying on the VE's testimony at step five, the ALJ erred."). Because further administrative review may remedy the ALJ's error, the Court concludes that remand is appropriate. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

---

[4] Dictionary of Occupational Titles ("DOT").

## II. <u>Assessment of Plaintiff's Subjective Symptom Testimony</u>

### A. Legal Standard

Before determining that a claimant's pain or symptom testimony is not credible, an ALJ must make two findings. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1036). "Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms," and those reasons must be supported by substantial evidence in the record. *Id.* at 1102 (citation omitted); *see also Carmickle v. Comm'r of Soc. Sec. Admin*, 533 F.3d 1155, 1161 (9th Cir. 2008) (finding a court must determine "whether the ALJ's adverse credibility finding . . . is supported by substantial evidence under the clear-and-convincing standard").

The ALJ must "specifically identify the testimony [from the claimant that] she or he finds not to be credible and . . . explain what evidence undermines the testimony." *Treichler*, 775 F.3d at 1102 (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)). Indeed, "[g]eneral findings are insufficient." *Brown-Hunter*, 806 F.3d at 493. Nevertheless, "[t]he standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

### B. The ALJ's Decision

First, the ALJ summarized Plaintiff's testimony as follows:

At the hearing on August 22, 2024, the claimant testified that he had limited range of motion throughout his spine, most significantly in his neck, such that he could not turn his neck, he could stoop/bend at the waist only halfway, and he could not crouch. He contended that he walked cautiously to avoid falling and that after walking for approximately 20 minutes, he sat for two to three minutes, due to pain. He alleged additional related limitations of having to change positions after standing for approximately 15 to 20 minutes, having to reposition himself while sitting, and being able to lift no more than approximately 10 pounds. He confirmed that these symptoms and limitations were secondary to ankylosing spondylitis (AS), for which he saw a rheumatologist every two to three months and had infusions every six weeks.

The claimant testified that the infusion process took two hours, though he generally spent three to four hours total at the infusion center. He stated that he primarily rested in bed the day after an infusion due to fatigue, and that he felt more energetic two days after an infusion. He endorsed AS-related pain, mostly in his neck; he denied having significant or more than occasional pain in his arms, legs, and hands. He indicated that in addition to the infusions, he used a topical cream and took over the counter Aleve as needed for pain. He asserted that he took approximately seven prescribed medications, most of which were for diabetes and hypertension. The claimant stated that he regularly had labs to monitor his AS and his diabetes, and that his blood pressure was regularly checked. He indicated that he did household tasks such as wiping countertops, washing dishes, taking out trash, and using a microwave, and that his wife had always done the cooking, laundry, and other household chores.

(AR 25.)

Next, the ALJ applied the two-step process articulated above:

> The claimant's allegations in various statements of record about his impairments, activities, and the intensity, persistence and limiting effects of his symptoms are generally consistent with his testimony. After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record, for the reasons explained in this decision.

(AR 25 (internal citations omitted).)

Finally, the ALJ cited five examples in support of the decision to discount Plaintiff's subjective symptom testimony:

> [W]hile the medical record indicates that the claimant's AS was newly diagnosed in January 2022, he testified that he had had "ongoing" spinal issues since at least 2007. Consistent with this testimony, at a consultation with a specialist in October 2020, the claimant stated that he had had neck pain with decreased range of motion for 10 years. Moreover, the claimant testified that he stopped working at the alleged onset date in February 2021 because his employer sold the business. He further indicated that he continued to apply for work after the alleged onset date, albeit unsuccessfully, and there are comparable statements elsewhere in the record. Additionally, the claimant testified that his AS-related pain had worsened over time; however, as discussed below, the medical record suggests that the pain was effectively managed with treatment. Also not consistent with the extent of

> the claimant's allegations is evidence of his ongoing noncompliance with treatment, which is also discussed below. Further, there are inconsistencies in some of the claimant's statements; for example, he testified that his wife was the main caregiver for their small dog, but various medical records indicate that he reported walking the dog every day and otherwise taking care of the dog.

(AR 25-26 (internal citations omitted).)

**C. Analysis**

Plaintiff asserts that the ALJ failed to provide any clear and convincing reasons for rejecting Plaintiff's subjective limitations. (Dkt. No. 11 at 14.) However, the Court finds the ALJ did not err because he provided multiple clear and convincing reasons supported by substantial evidence in the record to discount Plaintiff's symptom testimony.

The ALJ noted that although "the claimant testified that he stopped working at the alleged onset date in February 2021 because his employer sold the business[, h]e further indicated that he continued to apply for work after the alleged onset date, albeit unsuccessfully . . . ." (AR 25-26.) Although Plaintiff was ultimately unsuccessful in obtaining employment after February 2021, the ALJ was nevertheless entitled to "consider [the] plaintiff's continued search for employment after the alleged onset date in weighing plaintiff's credibility." *Soto-Marquez v. Berryhill*, No. 1:17-cv-00826-SKO, 2018 U.S. Dist. LEXIS 123832, at *50 (E.D. Cal. July 23, 2018); *see also Kahoonei v. Saul*, 856 F. App'x 691, 693 (9th Cir. 2021) (holding that an ALJ properly considered evidence that the claimant "both searched for and attempted work after the alleged onset of her disability" in discounting the claimant's testimony); *Berry v. Astrue*, 622 F.3d 1228, 1235 (9th Cir. 2010) (holding that an ALJ properly considered a claimant's admission that "he left his job because his employer went out of business and probably would have worked longer had his employer continued to operate" in discounting the

claimant's testimony).

Furthermore, the ALJ was permitted to rely on evidence suggesting Plaintiff's symptoms were managed with treatment. *See Lapuzz v. Berryhill*, 740 Fed. App'x 596, 597 (9th Cir. 2018) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008)) (finding that the effectiveness of medication is a clear and convincing reason to discredit claimant testimony); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Brown v. Comm'r of Soc. Sec.*, No. 1:20-cv-00721-SAB, 2021 U.S. Dist. LEXIS 170544, at *55 (E.D. Cal. Sep. 8, 2021) ("The Court finds the ALJ's finding that Plaintiff's pain was reported to be well-managed and improved with medication to be a clear and convincing reason based on substantial evidence in the record to reject the pain testimony."). The ALJ stated that "the claimant testified that his AS-related pain had worsened over time; however, [] the medical record suggests that the pain was effectively managed with treatment." (AR 26.) The ALJ noted that "Dr. Nguyen's and other medical records reflect that the claimant tolerated the infusions well and felt that they were beneficial" and "that although his AS was advanced with fixed spine and his pain complaints were at times inconsistent, the claimant's pain was 'minimal' or 'not much' and his functioning increased with the regular infusions." (AR 27.)

The Court therefore finds that evidence of Plaintiff seeking employment after his alleged disability onset date and of the effectiveness of Plaintiff's treatment were valid bases for the ALJ to discount Plaintiff's subjective symptom testimony. Thus, "[a]ny error in relying on additional reasons was harmless because the ALJ properly provided several clear and convincing reasons to discredit [Plaintiff's] testimony." *Lapuzz*, 740 F. App'x at 597 (citing *Carmickle*, 533 F.3d at 1162); *Molina*, 674 F.3d at 1115 ("[S]everal of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record.").

**ORDER**

For the reasons outlined above, IT IS ORDERED that the decision of the Commissioner is REVERSED and that this case is REMANDED for further proceedings consistent with but not limited to the Court's Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for Plaintiff and for Defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 7, 2026

Karen L. Stevenson

HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE